UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BETTIE PULLEN-WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 09 CV 5426 |
| v. | ) |
| | ) Judge John W. Darrah |
| ROOSEVELT UNIVERSITY, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This case involves Bettie Pullen-Walker's ("Plaintiff") Complaint against Roosevelt University, the University's Board of Trustees, and other individuals in their capacity as employees of the University ("Defendants" or "University"). Plaintiff's *pro se* Complaint alleges breach of an implied contract with Defendants and a claim of sex discrimination.

The case comes before this Court on Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) based on the affirmative defense of *res judicata*, or in the alternative, a motion to strike Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(f). For the following reasons, Defendants' motion to dismiss is granted.

## BACKGROUND

Plaintiff's most recent Complaint, dated August 4, 2008, and filed in Circuit Court of Cook County, alleges "unfair" dismissal from the Educational Leadership and Organizational Change doctoral program at Roosevelt University in 2001. The Complaint is in narrative form and, with some interpretation, sounds in breach of an implied contract and sex discrimination.

Plaintiff alleges, *inter alia*, that the University brought "outdated" charges of behavioral violations against Plaintiff in order to expel her from the doctoral program, that the University did not follow its own procedure in expulsions, and that the University improperly rejected her draft dissertation for completion of the doctoral program. Plaintiff alleges injury in the form of emotional distress and loss of potential earnings in the amount of six million dollars.

Defendants removed the complaint to the District Court based on Plaintiff's federal claim of sex discrimination in violation of Title IX, 20 U.S.C. § 1601 *et seq.*, claiming federal question jurisdiction on September 1, 2009. 28 U.S.C. § 1331 (2006).

Plaintiff has filed seven complaints against Defendants, all with the same general allegations above and arising out of the same set of facts. All of the complaints have been dismissed. Of note, this Court has dismissed with prejudice one of these complaints on the grounds of *res judicata*. *See Pullen-Walker v. Roosevelt University*, No. 05 C 5648, 2006 WL 1843364 (N.D. Ill. June 28, 2006).

Defendants request dismissal of this Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) based on *res judicata* or, in the alternative, a motion to strike the Complaint pursuant to Federal Rule of Civil Procedure 12(f).

## LEGAL STANDARD

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient facts, accepted as true for purposes of the motion, which state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). In order for a complaint to have facial plausibility, the complaint must allege enough facts for the claim to be more than just conceivable, and mere legal conclusions masked as facts are insufficient. *Id.* at 1949-50. Upon review of a motion to

dismiss for failure to state a claim, the court should draw all reasonable inferences in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

The doctrine of *res judicata* bars a plaintiff's ability to maintain a suit based on the same set of facts or same transaction that gave rise to a previous suit, which was adjudicated on its merits. *Carr v. Tillery*, 591 F.3d 909, 913-14 (7th Cir. 2010) (*Carr*). This is true even if the plaintiff brings forth a new legal theory of recovery based on the same set of facts. *Id.* The dismissal of a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981). In order to properly claim a *res judicata* defense to a complaint, the defendant should raise the affirmative defense and then move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Carr*, 591 F.3d at 913.

## ANALYSIS

Applying these principles to the case at hand, *res judicata* bars Plaintiff's Complaint here as it did in 2006. *Sua sponte*, this Court converts Defendants' motion to dismiss pursuant to Rule 12(b)(6) to a Rule 12(c) motion for judgment on the pleadings and dismisses Plaintiff's Complaint. The same set of circumstances arising out of Plaintiff's expulsion from the University in 2001 is the basis for this complaint as it was in the other six cases. This Court dismissed with prejudice Plaintiff's complaint arising from these facts in 2006 and thus entered a judgment on the merits. Therefore, this most recent attempt to re-litigate this matter is dismissed with prejudice on the grounds of *res judicata* as well.

This Court would like to draw Plaintiff's attention to 28 U.S.C. § 1927, which warns of personal liability for costs, expenses, and attorney's fees incurred of an attorney "or other person admitted to conduct cases in any court of the United States" who unreasonably multiplies the

proceedings of a case.[1] The Court takes notice that this repeated filing based on the same set of facts is a waste of judicial resources and an undue harassment of the University. Furthermore, continued filings in this matter may subject Plaintiff to sanctions under Rule 11 of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. Plaintiff's Complaint is dismissed with prejudice.

Date: 2-19-10

JOHN W. DARRAH
United States District Court Judge

---

[1] See Carr, 591 F.3d at 919 (noting that whether a *pro se* litigant can be sanctioned under 28 U.S.C. § 1927 is an "open question in this circuit").